UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE CURTIS,

    Petitioner,

v.

    CASE NO. 2:07-CV-10897
    HONORABLE VICTORIA A. ROBERTS
    UNITED STATES DISTRICT JUDGE

CINDI CURTIN,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Tyrone Curtis, ("Petitioner"), presently confined at the Oaks Correctional Facility in Manistee, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for third degree criminal sexual conduct, M.C.L.A. 750.520d; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was charged with engaging in forcible sexual intercourse with a sixteen year old girl in Port Huron, Michigan. Petitioner was convicted following a jury trial in the St. Clair County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Curtis,* No. 254617 (Mich.Ct.App. June 21, 2005); *lv. den.* 474 Mich. 939; 706 N.W. 2d 18 (2005). Petitioner

1

now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The cumulative effect of the prosecutor's misconduct denied Petitioner a fair trial.
>
> II. Petitioner is entitled to resentencing because the court enhanced the sentencing guidelines range on the basis of facts not proven to a jury beyond a reasonable doubt nor admitted by the Petitioner, in violation of the Sixth and Fourteenth Amendments.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A.  Claim # 1.  The prosecutorial misconduct claims.**

Petitioner first claims that he was deprived of a fair trial because of the cumulative effect of prosecutorial misconduct.  Respondent contends that Petitioner's prosecutorial misconduct claims are procedurally defaulted because Petitioner failed to preserve the issues by objecting at trial and as a result, the Michigan Court of Appeals reviewed these claims for plain error only. *See Curtis,* Slip. Op. at * 1.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new

3

reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, Petitioner had not preserved these prosecutorial misconduct claims. The fact that the Michigan Court of Appeals engaged in plain error review of Petitioner's claims does not constitute a waiver of the state procedural default. *Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of Petitioner's claims for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). In addition, the mere fact that the Michigan Court of Appeals also discussed the merits of Petitioner's claims in the alternative does not mean that the claims were not procedurally defaulted. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991); *See also Williams v. Withrow,* 328 F. Supp. 2d 735, 750 (E.D. Mich. 2004); *Reedus v. Stegall,* 197 F. Supp. 2d 767, 779 (E.D. Mich. 2001). Petitioner's prosecutorial misconduct claims are procedurally defaulted.

In the present case, Petitioner has failed to allege any reasons to excuse his procedural default. Because Petitioner has not demonstrated any cause for his

4

procedural default, it is unnecessary to reach the prejudice issue regarding these prosecutorial misconduct claims. *Smith*, 477 U.S. at 533.

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider these prosecutorial misconduct claims as a ground for a writ of habeas corpus in spite of the procedural default. Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review Petitioner's prosecutorial misconduct claims on the merits. *See Campbell v. Grayson,* 207 F. Supp. 2d 589, 597-98 (E.D. Mich. 2002). Petitioner's prosecutorial misconduct claims are procedurally barred and he is not entitled to relief on these claims.

**B. Claim # 2. The sentencing claim.**

Petitioner lastly contends that the trial court incorrectly scored several of the offense variables of the Michigan Sentencing Guidelines in fashioning his sentence which had not been proven beyond a reasonable doubt before a jury.

This Court initially notes that Petitioner's sentence of twenty four years, two months to fifty years was within the statutory limits for the offense of third-degree criminal sexual conduct and being a fourth felony habitual offender. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir.

2000); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001).

Petitioner's claim that the state trial court incorrectly scored his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Petitioner's claim that several of the offense variables of the Michigan Sentencing Guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted. *Id.*

Petitioner further contends that in scoring the sentencing guidelines range, the trial court violated the Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296 (2004), where the Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

The problem with Petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The decision in *Blakely* has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*,

542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of Petitioner's sentencing guidelines range did not violate petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 2007 WL 3226198, * 1-2 (6th Cir. October 26, 2007). [1]

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at

---

[1] Indeed, every judge in the Eastern District of Michigan that has considered the issue has also rejected *Blakely* challenges to the scoring of the Michigan Sentencing Guidelines on this basis. See *Delavern v. Harry,* No. 2007 WL 2652603, * 4 (E.D. Mich. September 7, 2007)(Rosen, J.); *Brown v. Bell,* No. 2007 WL 2516933, * 2 (E.D. Mich. August 31, 2007)(Cohn, J.); *Anderson v. Lafler,* No. 2007 WL 2480549, * 4 (E.D. Mich. August 29, 2007)(Borman, J.); *Couch v. Prelesnik,* No. 2007 WL 2413090, * 6 (E.D. Mich. August 21, 2007)(Friedman, J.); *Morgan v. Birkett,* 2007 WL 2318751, * 2 (E.D. Mich. August 9, 2007)(Hood, J.); *Moffett v. Davis,* No. 2007 WL 2225875, * 4 (E.D. Mich. August 1, 2007)(Roberts, J.); *Logan v. Booker,* No. 2007 WL 2225887, * 6 (E.D. Mich. August 1, 2007)(Duggan, J.); *Djoumessi v. Wolfenbarger,* No. 2007 WL 2021837, * 17-18 (E.D. Mich. July 12, 2007)(Tarnow, J.); *Carattoni v. Stovall,* No. 2007 WL 1976459, * 3-4 (E.D. Mich. July 3, 2007)(Steeh, J.);*Jackson v. Curtin,* No. 2007 WL 1675296, * 3 (E.D. Mich. June 11, 2007)(Edmunds, J.)*;Davis v. Lafler,* No. 2007 WL 1582221, * 13-14 (E.D. Mich. May 31, 2007)(O'Meara, J.); *Coffel v. Stovall,* No. 2007 WL 1452918, * 3-4 (E.D.Mich. May 15, 2007)(Ludington, J.)*;.Conner v. Romanowski,* No. 2007 WL 1345066, * 4-6 (E.D. Mich. May 4, 2007)(Battani, J.); *Hall v. Lafler,* No. 2007 WL 1017036, * 5 (E.D.Mich. April 2, 2007)(Zatkoff, J.); *Bell v. Booker, No.* 2007 WL 869169, * 2-3 (E.D.Mich. March 22, 2007)(Taylor,J.)

484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny Petitioner a Certificate of Appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claim to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

# V. ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

                                         S/Victoria A. Roberts
                                         Victoria A. Roberts
                                         United States District Judge

Dated: November 30, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on November 30, 2007.

s/Carol A. Pinegar
Deputy Clerk

---